IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PASQUALE MARTORANA,<br><br>    Plaintiff,<br><br>  v.<br><br>VILLAGE OF ELMWOOD PARK; PETER SILVESTRI, President of the Village of Elmwood Park, in his individual capacity; JOHN J. DALICANDRO, in his individual capacity; ROBERT BORMANN, in his individual capacity,<br><br>    Defendants. | Case No. 12 C 6051<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 12) and Plaintiff's Motion to Strike Certain Allegations in Defendants' Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Complaint (ECF. No. 16). For the reasons stated herein, Plaintiff's Motion is denied and Defendants' Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff Pasquale Martorana (the "Plaintiff") was employed by Defendant Village of Elmwood Park (the "Village") from July 19, 2000 through August 2, 2011. During this time, he owned rental properties within the Village. In February 2011, Plaintiff was approached by Vince Mini ("Mini"), a Village employee and precinct captain for the campaigns of three "United Party" candidates

running for Village Trustee positions. Mini demanded to know why signs supporting opposition candidates were in the yards of Plaintiff's rental properties. Mini instructed Plaintiff to remove the signs or his job would be in jeopardy. Plaintiff refused to do so. Defendants Peter Silvestri, President of the Village, ("Silvestri"), Robert Bormann, Director of Code Administration and Building Commissioner for the Village, ("Bormann") and John Dalicandro, Village employee, ("Dalicandro") all supported these United Party candidates. Indeed, Silvestri was the primary financial donor to the United Party of Elmwood Park.

Approximately two months after the exchange with Mini, Plaintiff was the subject of a letter sent by an insurance adjuster regarding a property loss investigation Plaintiff conducted at the request of a Village resident. Plaintiff's behavior in advocating on behalf of that Village resident was also addressed. Bormann informed Plaintiff of the letter and told Plaintiff that he would be investigated. On April 27, 2011, Plaintiff asked for and received a meeting with Silvestri about the letter and investigation into Plaintiff's conduct. Plaintiff was told at this meeting that the true motivation for the investigation against him was for his refusal to remove the political signs. The next day, Bormann told Plaintiff he had to resign by May 1, 2011, or he would be terminated.

On May 9, 2011, Plaintiff contacted the Illinois Attorney General's Office and the Better Government Association about

corruption and misconduct within the leadership of the Village. On June 9, 2011, Plaintiff was arrested for allegedly forging a property maintenance inspection form that he submitted to the Village. Plaintiff was terminated on August 2, 2011 and claims that the true reason for his termination was because he refused to remove the political signs and because he exposed the wrongdoing of the Village and its officers.

Plaintiff filed a two-count Complaint against the Village, Silvestri, Dalicandro and Bormann on August 1, 2012. Plaintiff asserts one count of retaliation for exercising his right to free speech under 42 U.S.C. § 1983 and one count of retaliation in violation of the Illinois Whistleblowers Act, 740 Ill. Comp. Stat. 174/1 *et seq*. Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff then filed a Motion to Strike Statements in Defendants' Memorandum in Support of their Motion.

## II. ANALYSIS

### A. Plaintiff's Motion to Strike

Plaintiff argues that five statements in Defendants' brief should be stricken pursuant to Federal Rule of Civil Procedure 12(f). However, Rule 12(f) applies to pleadings, and memoranda in support of motions are not pleadings. *See* FED. R. CIV. P. 12(f); *Hrubec v. Nat'l R.R. Passenger Corp.*, 829 F.Supp. 1502, 1506 (N.D. Ill. 1993). Rule 12(f) is thus an inappropriate basis for the Motion, so Plaintiff's Motion is denied. The Court notes,

however, that its reasoning below with respect to Defendants' Motion to Dismiss would be the same regardless of whether the statements at issue were considered or not. In addition, Plaintiff violated Local Rule 7.1, which requires briefs not to exceed 15 pages without approval of the Court. The Court admonishes counsel to comply with all court rules going forward.

### B. Defendants' Motion to Dismiss

On a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded facts in a Plaintiff's complaint and draws all inferences in Plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiffs need not allege "detailed factual allegations," but must offer more than mere conclusions or "a formulaic recitation of the elements of the cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007).

#### 1. *Plaintiff's § 1983 First Amendment Claims*

Plaintiff claims he was retaliated against for exercising his First Amendment right to free speech. Defendants make three arguments as to why Plaintiff's retaliation claim fails. First, Defendants claim that Plaintiff did not establish the necessary requirements for a § 1983 retaliation case. Second, Defendants claim that Plaintiff cannot establish municipal liability under § 1983. Finally, Defendants claim that Plaintiff has failed to

plead his § 1983 claim against the individual Defendants with the necessary specificity. For the most part, Defendants' arguments are unpersuasive.

To state a § 1983 First Amendment retaliation claim, Plaintiff must allege that (1) his speech was constitutionally protected, and (2) Defendants' actions were motivated by Plaintiff's constitutionally protected speech. *See D'Allesandro v. Brumbaugh*, No. 07 C 4975, 2007 U.S. Dist. LEXIS 92775 at *7 (N.D. Ill. Dec. 12, 2007). Defendants do not dispute that Plaintiff's allegations of political speech are sufficient to meet the first prong of the test. *See* Defs.' Mem. in Support of Mot. to Dismiss at 5. Defendants instead argue that Plaintiff cannot show Defendants' actions were motivated by Plaintiff's speech.

In his Complaint, Plaintiff alleges that Mini, a Village employee, demanded to know why there were political signs supporting opposition candidates on Plaintiff's properties. Mini instructed Plaintiff to remove the signs or his job would be in jeopardy. During a meeting with Silvestri, Plaintiff was told that the true motivation for the investigation into him was his refusal to remove the campaign signs. The following day, Bormann informed Plaintiff he had to resign or be terminated. Plaintiff claims that he contacted the Illinois Attorney General's Office and the Better Government Association about corruption within the Village and was terminated shortly thereafter because of his political signs and whistleblowing against the Village.

- 5 -

The Court finds these allegations sufficient to survive a Motion to Dismiss. While Defendants argue that Plaintiff fails to show Defendants' actions were based on Plaintiff's speech, or that there were legitimate reasons for terminating Plaintiff, such arguments are better suited for a motion for summary judgment. To survive a motion to dismiss pursuant to Rule 12(b)(6), Plaintiff need only plead facts that establish a claim that is plausible on its face. Plaintiff has done so.

Defendants next argue that Plaintiff fails to state a claim against the Village under § 1983. A local government may not be sued under § 1983 for an injury solely inflicted by its agents. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). To state a claim for municipal liability under § 1983, a plaintiff must plead the constitutional violation was caused by (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policymaking authority. *Matthews v. Du Page County Election Comm'r*, No. 10 C 2208, 2011 U.S. Dist. LEXIS 24679 at *2-3 (N.D. Ill. Mar. 11, 2011).

In Plaintiff's Complaint he alleges that Silvestri was President of the Village and "final policy maker with respect to various departmental matters at issue here." Compl. ¶ 6. He also claims that Silvestri was a public and financial supporter of the United Party, whose members opposed those candidates displayed on the signs he had on his properties' lawns. Finally, he claims that

Silvestri met with him and informed him that the real reason that Plaintiff was being investigated was because he refused to remove the campaign signs from his rental properties. Plaintiff was informed the next day he had to retire or be terminated, and within two months he was terminated. While these allegations are not extensive, the Court finds them sufficient to allow Plaintiff to proceed with his claim against the Village. While Defendants contest the assertion that Silvestri is a "final policy maker," at this early stage of the litigation, Plaintiff's allegations against the Village are sufficient.

Defendants next argue that Plaintiff fails to allege each individual defendant caused or participated in a constitutional deprivation. Liability under § 1983 does not attach to individuals unless the "individual defendant caused or participated in a constitutional deprivation." *Vance v. Peteres*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff claims Silvestri served as the President of the Village, is the final policy maker, and told Plaintiff that the real reason for the investigation was Plaintiff's refusal to remove political signs from his property. Plaintiff alleges that Bormann informed him of the investigation against him, and told him that he had to resign by May 1, 2011, or be terminated. Plaintiff has thus pled facts that demonstrate Silvestri and Bormann personally may have caused or participated in a constitutional deprivation.

However, Plaintiff fails to plead any specific facts that indicate Dalicandro took part in any constitutional deprivation. Dalicandro is mentioned rarely in the Complaint, except when grouped together generally with the other individual Defendants. Plaintiff alleges specifically that Dalicandro received a complimentary statement about Plaintiff from the Village resident whose inquiry became the subject of the adjuster's letter. This allegation, combined with the general allegations as to all the Defendants, is insufficient to plead a claim for individual liability against Dalicandro.

Based on the reasoning above, Defendants' Motion to Dismiss Count I is granted only with respect to Defendant Dalicandro and denied as to the other Defendants.

### 2. *Plaintiff's Retaliation Claim Under the Illinois Whistleblower Act*

Count II alleges that Defendants are liable under the Illinois Whistleblower Act (the "Act") because Defendants retaliated against Plaintiff after he contacted the Illinois Attorney General's Office and Better Government Association to report corruption within the Village. The Act prohibits employers from retaliating "against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 Ill. Comp. Stat. 174/15(b). The statute has been interpreted to have "codified the common law

tort of retaliatory discharge in Illinois." *Riedlinger v. Hudson Respiratory Care, Inc.*, 478 F.Supp.2d 1051, 1054-55 (N.D. Ill. 2007). To plead a claim of retaliatory discharge, one must allege (1) that he has been discharged; (2) in retaliation for his activities; and (3) the discharge violates a clear mandate of public policy. *See Blount v. Stroud*, 904 N.E.2d 1, 9 (Ill. 2009).

Plaintiff claims he contacted the Illinois Attorney General's Office and the Better Government Association regarding corruption and misconduct within the leadership of the Village, and subsequently was terminated. While the Village gave a number of reasons as to why Plaintiff was fired, Plaintiff claims the true motivation was because he exposed corruption within the Village. These allegations, taken as true, are sufficient to state a claim under the Whistleblower Act. Defendants argue that for Plaintiff to succeed in this claim, he must show that the employer had knowledge of the disclosure. However, that argument is again better suited for a motion for summary judgment rather than a motion to dismiss.

Defendants also argue that the Act does not provide for individual liability. The Court agrees. The Act "only creates a cause of action against an employer." *Robinson v. Morgan Stanley*, No. 06 C 5158, 2007 U.S. Dist. LEXIS 70604 at *15 (N.D. Ill. Sept. 24, 2007); *see also Banks v. Chicago Board of Educ.*, No. 11 C 7101, 2013 U.S. Dist. LEXIS 3361 at *34 (N.D. Ill. Mar. 12,

2013). Plaintiff's claims under Count II against Defendants Silvestri, Dalicandro, and Bormann are dismissed with prejudice.

### *3. Punitive Damages Against the Village*

Plaintiff concedes that he cannot recover punitive damages against the Village. *See* Pl.'s Mem. in Opp'n of Defs.' Rule 12(b)(6) Mot. to Dismiss at 15-16, ECF 17. Plaintiff's claims for punitive damages against the Village in Counts I and II are dismissed with prejudice.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Strike Certain Allegations in Defendants' Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Complaint is denied. Defendants' Motion to Dismiss is denied in part and granted in part. Specifically, Count I is dismissed as to Dalicandro without prejudice. Count II is dismissed as to all the individual Defendants with prejudice. Plaintiff's claims for punitive damages against the Village are dismissed with prejudice.

**IT IS SO ORDERED.**

                Harry D. Leinenweber, Judge
                United States District Court

Date:4/18/2013